Bkooke, J.
delivered the opinion of the court. The question as to the correctness of this decree, depends on the construction of the words in the deed of the 26th May-1826, describing the subject thereby assigned by Collins to Janey, in trust for his son—“ all the debts now due to the said T. Collins” &c. The chancellor thought, that this description in the deed, included all his debts, those then contracted but payable in future, as well as the debts then payable. The words of the sentence are perfectly intelligible. They contain no latent ambiguity, so that a resort to the will, or to any thing else extrinsic of the deed, to explain them, would be improper. If there would be a doubt, whether the words all my debts due would include debts not payable though contracted, debita in presentí solvenda in futuro, the donor has guarded against that doubt, by inserting the word now. All his debts now due, in common parlance, must be understood to mean, debts then payable, not debts payable at a future day. The word now could not have been inserted, to exclude debts that might be afterwards contracted, debts not then in existence, because they would not be subjects of transfer, and could not have been in the mind of the grantor. If he had meant to speak in technical language, he would have omitted the word now. *392 And even if he had omitted it, there are many examples in which both judges and legislators have interpreted and used the words debts due, in the limited sense of debts payable, not in the broader technical sense, including all debts contraeted whether payable or not. Without deciding any thing more in the cause, this court reverses the decree, on this point.